

ELECTRONICALLY FILED
10/25/2012 3:23 PM
CV-2012-900661.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
CORINNE T. HURST, CLERK

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| APR, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| AMERICAN AIRCRAFT SALES, INC.; | * |
| JET TOLBERT, individually, and as an | * |
| agent, servant, and/or employee of | * |
| American Aircraft Sales, Inc.; | * |
| FICTITIOUS DEFENDANTS 1 | * |
| THROUGH 10, whether singular or | * |
| plural, those persons, firms, corporations, | * |
| partnerships, limited liability companies, | * |
| or any other legal or business entities who | * |
| or which owed APR, LLC fiduciary duties | * |
| with respect to APR, LLC's purchase of | * |
| its corporate aircraft and whose acts or | * |
| omissions as set forth in the Complaint | * |
| contributed to the damages alleged herein; | * |
| FICTITIOUS DEFENDANTS 11 | * |
| THROUGH 20, whether singular or | * |
| plural, those persons, firms, corporations, | * |
| partnerships, limited liability companies, | * |
| or any other legal or business entities who | * |
| or which had a duty to hire, train, and/or | * |
| supervise Jet Tolbert and/or who failed to | * |
| train and/or supervise Jet Tolbert and | * |
| whose acts or omissions as set forth in the | * |
| Complaint contributed to the damages | * |
| alleged herein; FICTITIOUS | * |
| DEFENDANTS 21 THROUGH 30, | * |
| whether singular or plural, those persons, | * |
| firms, corporations, partnerships, limited | * |
| liability companies, or any other legal or | * |
| business entities who or which conspired | * |
| with Jet Tolbert and/or American Aircraft | * |
| Sales, Inc., had knowledge of, assisted | * |
| with, and/or had any participation | * |
| whatsoever in making false and | * |
| misleading statements to APR, LLC | * |
| relating to the purchase of its corporate | * |
| aircraft and/or providing false and | * |
| misleading documentation relating to | * |

Civil Action Number:

CV 2012-_____

APR's purchase of a corporate aircraft   *
and whose acts or omissions as set forth in   *
the Complaint contributed to the damages   *
alleged herein; FICTITIOUS   *
DEFENDANTS 31 THROUGH 40,   *
whether singular or plural, those persons,   *
firms, corporations, partnerships, limited   *
liability companies, or any other legal or   *
business entities who or which   *
misrepresented any facts to APR, LLC   *
relating to the purchase of its corporate   *
aircraft or who suppressed any facts from   *
APR, LLC relating to the purchase of its   *
corporate aircraft and whose acts or   *
omissions as set forth in the Complaint   *
contributed to the damages alleged herein;   *
FICTITIOUS DEFENDANTS 41   *
THROUGH 50, whether singular or   *
plural, those persons, firms, corporations,   *
partnerships, limited liability companies,   *
or any other legal or business entities who   *
or which converted funds transferred by   *
APR, LLC as a deposit for a use other   *
than the use specifically authorized by   *
APR, LLC and whose acts or omissions as   *
set forth in the Complaint contributed to   *
the damages alleged herein.  APR, LLC   *
avers that the identity of any of the   *
fictitious party Defendants herein, being   *
Fictitious Defendants 1-50, is otherwise   *
unknown to APR, LLC at this time or, if   *
their names are known to APR, LLC at   *
this time, their identity as a proper party   *
Defendant is not known to APR, LLC at   *
this time, and their true names will be   *
substituted by amendment when the   *
aforesaid lacking knowledge is   *
ascertained,   *
  *
  Defendants.   *

## COMPLAINT

The Plaintiff APR, LLC states its Complaint against the Defendants American Aircraft

Sales, Inc.; Jet Tolbert; Fictitious Defendants 1-10; Fictitious Defendants 11-20; Fictitious

Defendants 21-30; Fictitious Defendants 31-40; and Fictitious Defendants 41-50 (collectively, the "Defendants") as follows:

## STATEMENT OF PARTIES

1.      The Plaintiff APR, LLC (hereinafter, "Plaintiff" or "APR") is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business in Opelika, Lee County, Alabama.

2.      The Defendant American Aircraft Sales, Inc. (hereinafter, "American Aircraft") is a corporation organized and existing under the laws of the State of Florida. American Aircraft conducts business in the State of Alabama as an aircraft brokerage firm. At all times material hereto, American Aircraft was exercising supervisory capacity and control over the actions of the Defendant Jet Tolbert (hereinafter, "Jet") performed in the line and scope of his employment.

3.      Jet, upon information of belief, is an adult resident of the State of Florida. At all times material hereto, Jet was acting individually and/or within the line and scope of his employment as an agent, servant, and/or employee of American Aircraft.

4.      Fictitious Defendants 1-10, whether singular or plural, are those persons, firms, corporations, partnerships, limited liability companies, or any other legal or business entities who or which owed APR fiduciary duties with respect to APR's purchase of its corporate aircraft and whose acts or omissions as set forth in herein contributed to the damages alleged herein, and whose identities are otherwise unknown to APR at this time or, if their names are known to APR at this time, their identities as proper party Defendants are not known to APR at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

3

5.    Fictitious Defendants 11-20, whether singular or plural, are those persons, firms, corporations, partnerships, limited liability companies, or any other legal or business entities who or which had a duty to hire, train, and/or supervise Jet and/or who failed to train and/or supervise Jet and whose acts or omissions as set forth herein contributed to the damages alleged herein, and whose identities are otherwise unknown to APR at this time or, if their names are known to APR at this time, their identities as proper party Defendants are not known to APR at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

6.    Fictitious Defendants 21-30, whether singular or plural, are those persons, firms, corporations, partnerships, limited liability companies, or any other legal or business entities who or which conspired with Jet and/or American Aircraft, had knowledge of, assisted with, and/or had any participation whatsoever in making false and misleading statements to APR relating to the purchase of its corporate aircraft and/or submitting false and misleading documentation relating to APR's purchase of a corporate aircraft and whose acts or omissions as set forth herein contributed to the damages alleged herein, and whose identities are otherwise unknown to APR at this time or, if their names are known to APR at this time, their identities as proper party Defendants are not known to APR at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

7.    Fictitious Defendants 31-40, whether singular or plural, are those persons, firms, corporations, partnerships, limited liability companies, or any other legal or business entities who or which misrepresented any facts to APR relating to the purchase of its corporate aircraft or suppressed any facts from APR relating to the purchase of its corporate aircraft and whose acts

4

or omissions as set forth herein contributed to the damages alleged herein, and whose identities are otherwise unknown to APR at this time or, if their names are known to APR at this time, their identities as proper party Defendants are not known to APR at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

8. Fictitious Defendants 41-50, whether singular or plural, are those persons, firms, corporations, partnerships, limited liability companies, or any other legal or business entities who or which converted funds transferred by APR as an escrow deposit for a use other than a use specifically authorized by APR and whose acts or omissions as set forth herein contributed to the damages alleged herein, and whose identities are otherwise unknown to APR at this time or, if their names are known to APR at this time, their identities as proper party Defendants are not known to APR at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

9. Reference to Defendants herein includes Fictitious Defendants 1 through 50.

### STATEMENT OF FACTS

10. During March of 2012, APR was in the market for a corporate aircraft.

11. Using the website with uniform resource locator www.controller.com, an employee of APR identified a 1984 Cessna Citation S/II (hereinafter, the "Cessna Citation") on a list of aircraft available for sale.

12. The aircraft listing for the Cessna Citation on www.controller.com provided contact information for American Aircraft.

5

13.    Employees of APR contacted Jet and requested information regarding the Cessna Citation.

14.    In response to APR's inquiry, Jet provided written material to APR that included the following statement across the top of the front page: "Worldwide Access to Buyers and Sellers".

15.    American Aircraft maintains a website with uniform resource locator www.americanaircraftsales.com. American Aircraft's website represents that American Aircraft is a "prestigious aircraft brokerage firm, matching buyers and sellers around the world."

16.    When APR contacted American Aircraft, neither Jet nor American Aircraft owned the Cessna Citation. The Cessna Citation was owned by Lewis Air Fleet, LLC.

17.    Jet and employees of APR discussed what offer APR should make to Lewis Air Fleet, LLC, and Jet advised APR regarding the amount APR should offer Lewis Air Fleet, LLC to purchase the Cessna Citation.

18.    On March 20, 2012, Jet provided wiring instructions to APR and promised he would "present" APR's offer to Lewis Air Fleet, LLC when he received a copy of the wire transfer. As instructed by Jet, APR wired the deposit.

19.    Jet sent APR an e-mail on March 20, 2012 at 2:59 P.M. stating: "I'm sending you the standard offer letter that's subject to a visual inspection and then the phase 5 as discussed. Please have Steve sign and send back via email and **I will get to work to push the deal through**." (Emphasis added).    Jet attached a document titled "Aircraft Purchase Offer

6

Agreement" (hereinafter, the "original Aircraft Purchase Offer Agreement") to his e-mail. The original Aircraft Purchase Offer Agreement did not identify the seller.

20.    On March 20, 2012, Stephen Hooks (hereinafter, "Hooks") of APR signed the original Aircraft Purchase Offer Agreement. When Hooks signed the original Aircraft Purchase Offer Agreement, nobody had signed the original Aircraft Purchase Offer Agreement for the seller. Based on the representations of Jet and American Aircraft, Hooks believed American Aircraft was acting an agent or broker.

21.    On March 20, 2012 at 6:59 P.M., Jet provided documentation to APR that indicated Lewis Air Fleet, LLC was the owner of the Cessna Citation.

22.    On March 21, 2012 at 2:55 P.M., Jet sent an e-mail to APR stating: "I'm sending you a copy of the deposit confirmation at IATS escrow. **My associate is the main point of contact with the owner** and he is travelling today [*sic*] back in the office in the morning. in [*sic*] the meantime **we've been in touch with the owner to prep them for the offer and get them thinking in the manner to get the deal done.** For right now let's keep the tentative plan for the visual inspection Friday and I will confirm with you tomorrow." (Emphasis added).

23.    On March 23, 2012 at 2:00 P.M., Jet sent Hooks an e-mail stating: "I'm sending you this email to let you know the reason for slow response is that **the CEO is out of reach** at this time. **I do not feel there will be any problem though.** Let's keep in touch Monday and get this resolved as soon as possible for your airplane." (Emphasis added).

24.    On March 23, 2012 at 3:42 P.M., Jet sent an e-mail to Hooks stating: "**I wouldn't get concerned. The CEO is unreachable and everything has to go through him for final**

7

**signature**. He's supposed to be in on Monday and I'll have more for you then. I've advised the other salespeople that we are close on a deal and not to present N460M as available for sale. I feel we will have this worked out early next week. **I'll keep you updated** on Monday and feel free to call any time." (Emphasis added).

25.     On March 27, 2012 at 8:42 A.M., Jet sent an e-mail to Hooks stating: "Per our phone conversation I'm sending you the signed contract for N460M. I will be at Sheltair JAX by Noon today."

26.     On March 27, 2012, Hooks and APR's pilot, Steve Graupner (hereinafter, "Graupner"), flew to Jacksonville International Airport for a visual inspection of the Cessna Citation.

27.     While Hooks and Graupner were in Jacksonville for the visual inspection of the Cessna Citation, Jet provided a misleading and confusing document titled "Aircraft Acceptance Receipt" (hereinafter, "original Aircraft Acceptance Receipt"). The original Aircraft Acceptance Receipt refers to an "Aircraft Sale Agreement made, entered into between APR Tuned (Purchaser) and American Aircraft Sales, Inc. (Seller)." The original Aircraft Acceptance Receipt also states: "The Aircraft is hereby accepted as of the date above and subject to the Aircraft Sales Agreement as dated March 27, 2012." Of course, there was no document titled "Aircraft Sales Agreement." Furthermore, the original Aircraft Purchase Offer Agreement was dated March 20, 2012, not March 27, 2012. The Aircraft Acceptance Receipt provided by Jet directly contradicts numerous statements made by Jet before and after March 27, 2012.

8

28.     On March 28, 2012, American Aircraft executed an Aircraft Purchase Offer Agreement with Lewis Air Fleet, LLC whereby American Aircraft offered to purchase the Cessna Citation from Lewis Air Fleet, LLC. APR did not authorize American Aircraft to purchase the Cessna Citation from Lewis Air Fleet, LLC, and APR was not given notice that American Aircraft intended to enter an agreement with Lewis Air Fleet, LLC to purchase the Cessna Citation for less than the amount APR offered to purchase the Cessna Citation.

29.     After March 28, 2012, Jet continued making false and misleading statements indicating the owner and seller of the Cessna Citation was Lewis Air Fleet, LLC. For example, on April 17, 2012, Jet sent an e-mail to Graupner stating, in part: **"I'm forwarding you the inspection discrepancies with signoffs form [*sic*] the Seller."** (Emphasis added). An representative of Lewis Air Fleet, LLC signed off on the inspection discrepancies, not a representative of American Aircraft.

30.     The original Aircraft Purchase Agreement caused confusion among other persons involved in the transaction and had to be redrafted by Jet in order to close the transaction. The necessity of redrafting of the original Aircraft Purchase Agreement caused or contributed to a delay in closing the transaction.

31.     APR learned American Aircraft would become the owner and seller a short time before the closing. APR was surprised to learn the transaction would involve American Aircraft becoming an owner and seller of the Cessna Citation; however, APR believed that Jet and American Aircraft, as a broker or agent, were acting in APR's best interests in structuring the transaction in this manner. APR was not informed of the terms of the agreement between

9

American Aircraft and Lewis Air Fleet, LLC, and APR had no reason to believe the transaction was being structured in this manner to further the interests of Jet and American Aircraft.

32.     Upon information and belief, Jet represented that Lewis Air Fleet, LLC was the seller of the Cessna Citation and suppressed that American Aircraft would become the seller of the Cessna Citation, so that Jet and American Aircraft could, among other things, gain information regarding what APR was willing to pay for the Cessna Citation and use that information solely to further the interests of Jet and American Aircraft.

33.     Upon information and belief, neither Jet nor American Aircraft used their own financial resources to purchase the Cessna Citation. To the contrary, Jet and American Aircraft used APR's financial resources to purchase the Cessna Citation.

## COUNT I

### Breach of Fiduciary Duties - American Aircraft Sales, Inc. and Jet Tolbert

34.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

35.     Although APR did not have a written agency agreement with Jet or American Aircraft, Jet and American Aircraft were acting as APR's agent based on their conduct. Therefore, Jet and American Aircraft owed APR the duties of a fiduciary.

36.     Jet and American Aircraft breached their fiduciary duties to APR by, among other things, entering an agreement to purchase the Cessna Citation from Lewis Air Fleet, LLC without notifying APR; failing to disclose American Aircraft's financial interest in the transaction; failing to disclose American Aircraft's true identity as a seller; using APR's

financial resources to purchase the Cessna Citation from Lewis Air Fleet, LLC; improperly using APR's escrow deposits to further the best interests of Jet and American Aircraft; and failing to advise APR that Lewis Air Fleet, LLC would accept a lower purchase price.

WHEREFORE, APR demands judgment against Jet and American Aircraft for any and all damages, including, but not limited to, compensatory, consequential, and special damages, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT II

### Breach of Fiduciary Duties– Fictitious Defendants 1-10

37.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

38.     Fictitious Defendants 1-10 owed APR the duties of a fiduciary.

39.     Fictitious Defendants 1-10 breached their fiduciary duties to APR by, among other things, mishandling APR's escrow deposits.

WHEREFORE, APR demands judgment against Fictitious Defendants 1-10 for any and all damages, including, but not limited to, compensatory, consequential, and special damages, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT III

**Promissory Estoppel – American Aircraft Sales, Inc. and Jet Tolbert**

40.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

41.     Jet made specific and implied promises to APR, including, but not limited to, a promise that APR should offer $1,050,000.00 to Lewis Air Fleet, LLC to purchase the Cessna Citation.

42.     APR reasonably relied upon Jet's promise.

43.     Jet had actual knowledge that APR was relying upon his statements. Notwithstanding said actual knowledge, Jet should have foreseen APR's reliance upon Jet's statements.

44.     Jet and American Aircraft financially benefited from APR offering $1,050,000.00 instead of APR offering a lower amount to purchase the Cessna Citation.

45.     APR specifically relied upon the promises made by Jet in making its decision regarding what offer it should make to Lewis Air Fleet, LLC for the Cessna Citation.

46.     Jet's promises and APR's reasonable reliance on them, caused APR to act where it would not have acted and forbear actions it would have taken but for Jet's promises.

47.     APR has suffered and will continue to suffer damages as a result of its reliance upon Jet's affirmative statements and promises.

WHEREFORE, APR demands judgment against American Aircraft and Jet for any and all damages, including, but not limited to compensatory, consequential, and special damages, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT IV

### Negligence – American Aircraft Sales, Inc., Jet Tolbert, and Fictitious Defendants 11-20

48.    APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

49.    Jet acted negligently in rendering advice and making statements regarding the purchase price APR should offer Lewis Air Fleet, LLC; acted negligently in omitting American Aircraft's status with respect to the transaction; and acted negligently in providing confusing and misleading documents relating to the transaction.

50.    In addition, American Aircraft and Fictitious Defendants 11-20 had a duty to hire, train, and supervise Jet.

51.    American Aircraft and Fictitious Defendants 11-20 failed to properly train and supervise Jet.

52.    As a direct and proximate result of the negligent acts of American Aircraft, Jet, and Fictitious Defendants 11-20, APR has suffered and continues to suffer damages.

WHEREFORE, APR demands judgment against American Aircraft, Jet, and Fictitious Defendants 11-20 for any and all damages, including, but not limited to, compensatory,

consequential, and special damages, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT V

### Fraudulent Misrepresentation – American Aircraft Sales, Inc., Jet Tolbert, and Fictitious Defendants 31-40

53.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

54.     American Aircraft, Jet, and Fictitious Defendants 31-40 negligently, recklessly, intentionally, and/or willfully misrepresented to APR that they were acting as APR's agent or broker of aircraft.

55.     The above representations were false, and American Aircraft, Jet, and Fictitious Defendants 31-40 had knowledge of their falsity, or, in the alternative, American Aircraft, Jet, and Fictitious Defendants 31-40 recklessly or negligently misrepresented the facts or made such representations by mistake, with the knowledge and intent that APR would rely upon such representations.

56.     APR relied on the representations of American Aircraft, Jet, and Fictitious Defendants 31-40 to its detriment and suffered substantial damages as a result.

WHEREFORE, APR demands judgment against American Aircraft, Jet, and Fictitious Defendants 31-40 for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

14

<u>COUNT VI</u>

**Fraudulent Suppression – American Aircraft Sales, Inc., Jet Tolbert, and Fictitions Defendants 31-40**

57.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

58.     APR requested the services of American Aircraft, Jet, and Fictitious Defendants 31-40 in negotiating a purchase price of the Cessna Citation with Lewis Air Fleet, LLC.

59.     American Aircraft, Jet, and Fictitious Defendants 31-40 advised APR regarding the purchase price APR should offer Lewis Air Fleet, LLC without disclosing that American Aircraft intended to purchase the Cessna Citation for a lower purchase price.

60.     American Aircraft, Jet, and Fictitious Defendants 31-40 concealed the purchase price American Aircraft agreed to pay Lewis Air Fleet, LLC from APR with the intent to mislead and confuse APR as to the true nature of the transaction.

61.     American Aircraft, Jet, and Fictitious Defendants 31-40 had a duty to disclose said material facts.

62.     American Aircraft, Jet, and Fictitious Defendants 31-40 acted negligently, recklessly, intentionally, and/or willfully in concealing and failing to disclose said materials facts.

63.     Said conduct induced APR to enter the original Aircraft Purchase Offer Agreement and to proceed with closing the transaction.

64.     APR has suffered substantial damages as a result of American Aircraft, Jet, and Fictitious Defendants 31-40's concealment and nondisclosure of the above-stated material facts.

WHEREFORE, APR demands judgment against American Aircraft, Jet, and Fictitious Defendants 31-40 for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT VII

### Unjust Enrichment – American Aircraft Sales, Inc. and Jet Tolbert

65.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

66.     As a result, American Aircraft and Jet have been unjustly enriched.

WHEREFORE, APR demands judgment against American Aircraft and Jet for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT VIII

### Conspiracy – American Aircraft Sales, Inc., Jet Tolbert, and Fictitious Defendants 1-50

67.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

68.     American Aircraft, Jet, and Fictitious Defendants 1-50 conspired to commit the acts set forth herein.

16

WHEREFORE, APR demands judgment against American Aircraft, Jet, Fictitious Defendants 1-50 for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

## COUNT IX

### Wantonness – American Aircraft Sales, Inc., Jet Tolbert, and Fictitious Defendants 11-20

69.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

70.     Jet acted wantonly in rendering advice and making statements regarding the purchase price APR should offer Lewis Air Fleet, LLC; acted wantonly in omitting American Aircraft's status with respect to the transaction; and acted wantonly in providing confusing and misleading documents relating to the transaction.

71.     In addition, American Aircraft and Fictitious Defendants 11-20 had a duty to hire, train, and supervise Jet. However, American Aircraft and Fictitious Defendants 11-20 failed to properly train and supervise Jet.

72.     As a direct and proximate result of the negligent acts of American Aircraft, Jet, and Fictitious Defendants 11-20, APR has suffered and continues to suffer damages.

WHEREFORE, APR demands judgment against American Aircraft, Jet, and Fictitious Defendants 41-50 for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

17

## COUNT X

### Conversion – American Aircraft Sales, Inc., Jet Tolbert, and Fictitious Defendants 41-50

73.     APR adopts and re-alleges the foregoing paragraphs as if specifically set forth herein.

74.     As set forth herein, American Aircraft, Jet, and Fictitious Defendants 41-50 converted funds transferred by APR as a deposit for a use other than the use specifically authorized by APR.

75.     As a direct and proximate result of the wanton acts of American Aircraft, Jet, and Fictitious Defendants 41-50, APR has suffered and continues to suffer damages.

WHEREFORE, APR demands judgment against American Aircraft, Jet, and Fictitious Defendants 41-50 for any and all damages, both compensatory and punitive, in an amount to be determined by the jury, plus interest, costs, and other such relief to which APR may be entitled.

**s/ Christopher M. Bazzell**

Christopher M. Bazzell
*Attorney for Plaintiff*
*APR, LLC*

APR, LLC
4800 U.S. Highway 280 West
Opelika, Alabama 36801

**PLAINTIFF'S ADDRESS:**
APR, LLC
4800 Highway 280 West
Opelika, Alabama 36801

## DEMAND FOR JURY TRIAL

The Plaintiff APR, LLC demands trial by jury in the above case.

**s/ Christopher M. Bazzell**

Christopher M. Bazzell
*Attorney for Plaintiff*
*APR, LLC*

### DEFENDANTS SHALL BE SERVED BY PRIVATE PROCESS SERVER AS FOLLOWS:

American Aircraft Sales, Inc.
550 Airport Avenue East
Venice, Florida 34285

Jet Tolbert
3817 NW 5th Terrace
Boca Raton, Florida 33431



**AlaFile E-Notice**

43-CV-2012-900661.00

To: AMERICAN AIRCRAFT SALES, INC.
550 AIRPORT AVENUE EAST
VENICE, FL 34285

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

APR, LLC V. AMERICAN AIRCRAFT SALES, INC. ET AL
43-CV-2012-900661.00

The following complaint was FILED on 10/25/2012 3:23:45 PM

Notice Date:     10/25/2012 3:23:45 PM

CORINNE T. HURST
CIRCUIT COURT CLERK
LEE COUNTY, ALABAMA
104 JUSTICE CENTER
OPELIKA, AL 36801

334-749-7141
corinne.hurst@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>43-CV-2012-900661.00 |
|---|---|---|

IN THE CIVIL COURT OF LEE, ALABAMA

APR, LLC V. AMERICAN AIRCRAFT SALES, INC. ET AL

AMERICAN AIRCRAFT SALES, INC., 550 AIRPORT AVENUE EAST, VENICE, FL 34285

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHRISTOPHER MARK BAZZELL

WHOSE ADDRESS IS P.O. BOX 2661, AUBURN, AL 36831

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure

| 10/25/2012 3:23:45 PM | /s CORINNE T. HURST | |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date           Server's Signature

EXHIBIT
" A "

PENGAD 800-631-6989



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>43-CV-201<br>Date of Filing:<br>10/25/2012 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA
### APR, LLC v. AMERICAN AIRCRAFT SALES, INC. ET AL

**First Plaintiff:**  ☑ Business ☐ Individual       **First Defendant:** ☑ Business ☐ Individual
                     ☐ Government ☐ Other                                  ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ **APPEAL FROM DISTRICT COURT**        O ☐ **OTHER**

         R ☐ **REMANDED**        T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**  _____

**HAS JURY TRIAL BEEN DEMANDED?**     ☑ Yes  ☐ No

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   BAZ003         10/25/2012 3:08:36 PM            /s/ CHRISTOPHER MARK BAZZE

**MEDIATION REQUESTED:**        ☐ Yes  ☐ No  ☑ Undecided